THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:10-CR-00146-FL
No. 5:12-CV-00740-FL

| | | |
|---|---|---|
| GEORGE E. GRAY, | ) | |
| | ) | |
| Petitioner, | ) | **ORDER AND** |
| v. | ) | **MEMORANDUM AND** |
| | ) | **RECOMMENDATION** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

This matter comes before this court on the government's motion to dismiss [DE-53] Petitioner George Gray's ("Gray" or "Petitioner") motion under 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence [DE-47].[1] Gray responded to the government's motion. [DE-55, -57]. Petitioner subsequently filed a motion to supplement to which the government did not respond. [DE-58]. The time for responding to the pending motions has expired; accordingly, the motions are ripe for review. The dispositive motions [DE-47, -53] have been referred to this court in accordance with 28 U.S.C. § 636(b)(1)(B) and are considered here as a recommendation to the District Court. Fed. R. Crim. P. 59(b)(1). The motion to supplement [DE-58] is considered by this court in accordance with 28 U.S.C. § 636(b)(1)(A). Fed. R. Crim. P. 59(a). For the reasons stated below, Petitioner's motion to supplement is denied and it is recommended that the government's motion to dismiss be allowed and Petitioner's § 2255 petition be denied.

## I. BACKGROUND

On July 29, 2010, Gray pled guilty pursuant to a written plea agreement to Count One of an

---

[1] Petitioner first filed his motion on the incorrect form and was directed by the court to submit his motion on the appropriate form. [DE-48]. Petitioner subsequently filed a corrected motion within the time permitted. [DE-51].

indictment charging him with being a convicted felon in possession of a firearm, in violation of 18

U.S.C. § 922(g)(1). [DE-1, -17, -19]. In the plea agreement, Gray agreed, *inter alia*, to

> waive knowingly and expressly all rights, conferred by 18 U.S.C. § 3742, to appeal
> whatever sentence is imposed, including any issues that relate to the establishment
> of the advisory Guideline range, reserving only the right to appeal from a sentence
> in excess of the applicable advisory Guideline range that is established at sentencing,
> and further to waive all rights to contest the conviction or sentence in any post-
> conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an
> appeal or motion based upon grounds of ineffective assistance of counsel or
> prosecutorial misconduct not known to [Petitioner] at the time of the [his] guilty plea.

[DE-19] at 1-2 ¶ 2c. At Petitioner's arraignment hearing, the magistrate judge conducted a Rule 11

plea colloquy to question Gray as to his understanding of the charges against him and the terms of

the plea agreement.[2] [DE-17]. During the colloquy, Gray testified that he had discussed his case and

the plea agreement with his trial counsel; that he was satisfied with trial counsel's representation of

him; and that he understood the charges against him. Arraignment Tr. [DE-39] 13:19-17:18. After

engaging Gray in a lengthy plea colloquy, the court found Gray's guilty plea was knowing, voluntary,

and supported by an independent factual basis. *Id.* 22:9-23:6. The proffer of evidence supporting

the plea tended to show that on July 15, 2009, members of the Raleigh Police Department and

Franklin County Sheriff's Office executed a search warrant at Gray's residence based on information

from a confidential informant as to drug activity at the residence. *Id.* 21:15-23. Upon entering the

home, officers found a stolen Cobra .380 caliber handgun and ammunition. *Id.* 21:23-25. Prior to

July 15, 2009, Gray had been convicted of a felony and his rights to posses a firearm had not been

restored. *Id.* 22:3-7.

    Thereafter, Petitioner's case was scheduled for sentencing and the United States probation

---

[2] Petitioner consented to proceed before a magistrate judge for his felony arraignment and signed a form indicating his
consent. [DE-18].

office submitted its presentence report ("PSR") to the district court on October 27, 2010.[3] [DE-21]. Defense counsel objected to the PSR's four-level enhancement asserting Gray possessed the firearm in connection with another offense. PSR Addendum [DE-21]. On April 29, 2011, Gray appeared before the district court, with the presence of defense counsel, for sentencing on his firearm offense. [DE-29]. At the sentencing hearing, defense counsel pursued objection to the application the four-level enhancement, but the court found the enhancement was proper. Sentencing Tr. [DE-37] 4:2-6; 5:3-7:9. Defense counsel also made an oral motion for a variance which the court denied. *Id.* 7:18-23; 9:20-23. Thereafter, the court sentenced Petitioner to a term of 87 months' imprisonment.[4] [DE-29, -34].

Petitioner filed a timely notice of direct appeal on May 3, 2011, and was appointed appellate representation by the Fourth Circuit Court of Appeals. [DE-30, -36]. Petitioner's attorney filed a brief in accordance with *Anders v. California*, 386 U.S. 738 (1967), certifying that there were no non-frivolous issues for appeal, but questioning whether Gray was properly subject to an increase in his base offense level pursuant to U.S.S.G. § 2K2.1. Brief of Appellant, *United States v. Gray*, 461 F. App'x 259 (4th Cir. 2012) (No. 11-4501), [DE-26]. Gray filed a *pro se* supplemental brief in which he asserted the following: (1) the district court and government committed numerous violations of the Federal Rules of Criminal Procedure and his constitutional rights leading up to his

---

[3] The PSR specified a base offense level of 24 pursuant to U.S.S.G. § 2K2.1(a)(2) for Gray having committed the charged offense subsequent to sustaining at least two felony convictions of either a crime of violence or a controlled substance offense. [DE-21] ¶¶ 9, 12, 44. In calculating Petitioner's total offense level, the PSR specified a two-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(4)(A) for the firearm being stolen, a four-level upward adjustment pursuant to U.S.S.G. § 2K2.1(b)(6) for possessing the firearm in connection with another felony offense, and a three-level downward adjustment pursuant to U.S.S.G. § 3E1.1(b) for acceptance of responsibility. *Id.* ¶¶ 45, 46, 53. The probation officer calculated Gray's imprisonment range to be 87 to 108 months. *Id.* ¶ 56.

[4] The court entered an amended judgment in Petitioner's case on June 10, 2011, due to a clerical mistake, but Petitioner's sentence remained the same. [DE-38].

3

arraignment hearing; (2) ineffective assistance of trial counsel; and (3) the district court improperly declined to grant a downward departure pursuant to U.S.S.G. § 5H1.4. *Anders pro se* Brief, *Gray*, 461 F. App'x 259 (No. 11-4501), [DE-42]. The government filed a motion to dismiss Petitioner's appeal of his sentence based on the appeal waiver contained in Petitioner's plea agreement.[5] Motion by Appellee U.S. to Dismiss Appeal, *Gray*, 461 F. App'x 259 (No. 11-4501), [DE-37]. On January 12, 2012, in a per curiam opinion, the Fourth Circuit Court of Appeals granted the government's motion to dismiss and affirmed Petitioner's conviction, finding that Gray's waiver of appellate rights was valid and enforceable. [DE-42]; *see Gray*, 461 F. App'x at 260. The Fourth Circuit declined to address Petitioner's claims of ineffective assistance of counsel on direct appeal. *Id.* Gray did not file a petition for *certiorari*.

On November 14, 2012, Petitioner timely filed *pro se* the instant motion [DE-47] to vacate, set aside or correct sentence pursuant to § 2255, subsequently refiled on December 3, 2012, on a corrected form, Pet'r's Mot. [DE-51].[6] In his motion, Petitioner alleges various claims of judicial and prosecutorial misconduct related to preliminary proceedings in Petitioner's criminal prosecution, lack of jurisdiction (titled as an abuse of process claim), violation of Petitioner's First and Sixth Amendment rights based on a denial of access to the court and a public trial, and various claims of ineffective assistance of counsel. *Id.* at 4-10. On December 18, 2012, the government filed its motion to dismiss for failure to state a claim upon which relief can be granted, Gov't's Mot. to Dismiss [DE-53], to which Petitioner filed a response, Pet'r's Resp. [DE-55].

---

[5] The government conceded that *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc), would apply to Gray, but for the appeal waiver in his plea agreement.

[6] This order and memorandum and recommendation refers to Petitioner's corrected motion as the operative motion. [DE-51]. Petitioner's original motion, which totals 70 pages in length, is treated as the memorandum in support of his motion. [DE-47].

4

## II. LEGAL STANDARDS

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Rule 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. *Edwards v. City of Goldsboro*, 178 F.3d 231, 243-44 (4th Cir. 1999). However, the "'[f]actual allegations must be enough to raise a right to relief above the speculative level' and have 'enough facts to state a claim to relief that is plausible on its face.'" *Wahi v. Charleston Area Med. Ctr., Inc.*, 562 F.3d 599, 616 n.26 (4th Cir. 2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) ("While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of a cause of action's elements will not do." *Twombly*, 550 U.S. at 555 (citations omitted). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). "The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Revene v. Charles Cnty. Comm'rs*, 882 F.2d 870, 872 (4th Cir. 1989) (quoting *Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974)). Moreover, a court "need not accept the legal conclusions drawn from the facts" nor "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship*, 213 F.3d 175, 180 (4th Cir. 2000).

### B. 28 U.S.C. § 2255

After conviction and exhaustion, or waiver, of any right to appeal, courts and the public can

5

presume that a defendant stands fairly and finally convicted. *See United States v. Frady*, 456 U.S. 152, 164-65 (1982). However, 28 U.S.C. § 2255 provides a means for a defendant convicted of a federal offense to collaterally attack a conviction or sentence on four grounds: (1) the sentence was imposed in violation of the Constitution or the laws of the United States; (2) the court was without jurisdiction to impose the sentence; (3) the sentence was in excess of the maximum authorized by law; or (4) the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255(a). "[T]hus § 2255 relief is not limited to constitutional error in a conviction or sentence." *United States v. Mikalajunas*, 186 F.3d 490, 495 (4th Cir. 1999). However, where a petition seeks relief from a nonconstitutional error, "the scope of review . . . is more limited than that of constitutional error; a nonconstitutional error does not provide a basis for collateral attack unless it involves a fundamental defect which inherently results in a complete miscarriage of justice, or is inconsistent with the rudimentary demands of fair procedure." *Id.* "In a § 2255 proceeding, the burden of proof is on petitioner to establish his claim by a preponderance of the evidence." *Toribio-Ascencio v. United States*, Nos. 7:05-CR-00097-FL, 7:08-CV-211-FL, 2010 WL 4484447, at *1 (E.D.N.C. Oct. 25, 2010) (citing *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958)).

## C. Ineffective Assistance of Counsel

To demonstrate ineffective assistance of counsel, a petitioner must show that counsel's representation was deficient and that the deficient performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). The burden of proof lies with the petitioner and a petitioner's conclusory statements will not suffice to overcome such burden. *United States v. Turcotte*, 405 F.3d 515, 537 (7th Cir. 2005) ("[U]nsubstantiated and largely conclusory statements fall far short of carrying [petitioner's] burden of persuasion as to the two elements of the test outlined

6

in *Strickland*."). To establish deficient performance, the petitioner must overcome a "'strong presumption' that counsel's strategy and tactics fall 'within the wide range of reasonable professional assistance.'" *Burch v. Corcoran*, 273 F.3d 577, 588 (4th Cir. 2001) (quoting *Strickland*, 466 U.S. at 689). The court must be "highly deferential" of counsel's performance and must make every effort to "eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689. In a criminal trial, defense counsel has the authority to manage most aspects of the defense without first obtaining the consent of the defendant. *United States v. Chapman*, 593 F.3d 365, 367-68 (4th Cir. 2010) (citing *Florida v. Nixon*, 543 U.S. 175, 187 (2004)). Moreover, counsel's decision not to embark on certain investigations is "assessed for reasonableness in all the circumstances, applying a heavy measure of deference to counsel's judgments." *Strickland*, 466 U.S. at 691.

As to the prejudice component, a petitioner must show "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. To establish prejudice in the context of a guilty plea, a petitioner must show "a reasonably probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). With regard to prejudice at sentencing, a petitioner must show a reasonable probability that he would have received a more lenient sentence but for counsel's errors. *See Glover v. United States*, 531 U.S. 198, 202-04 (2001). It is not necessary to determine whether counsel performed deficiently if the claim is readily dismissed for lack of prejudice. *Strickland*, 466 U.S. at 697 (explaining "a court need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies" or "address both components of the inquiry if the

7

defendant makes an insufficient showing on one").

**D.     Petitioner's Guilty Plea**

A valid guilty plea constitutes admission of the material elements of the crime. *McCarthy v. United States*, 394 U.S. 459, 466 (1969). Furthermore, a guilty plea normally waives any claim based on non-jurisdictional errors occurring prior to the plea. *Tollett v. Henderson*, 411 U.S. 258, 267 (1973). In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The Supreme Court observed that "[t]he focus of federal habeas inquiry is the nature of [counsel's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Id.* at 266-67. Thus, in a collateral attack, a petitioner may only challenge the voluntary and intelligent character of a plea, such as by demonstrating that he received ineffective assistance of counsel. *Id.*

Further, it is well settled that a "criminal defendant may waive his right to attack his conviction and sentence collaterally, so long as the waiver is knowing and voluntary." *United States v. Lemaster*, 403 F.3d 216, 220 (4th Cir. 2005); *see also United States v. General*, 278 F.3d 389, 400 (4th Cir. 2002) (recognizing that a waiver is valid when the waiver was based upon a knowing and intelligent decision). Therefore, to bar a defendant from collaterally attacking his conviction, the waiver in the plea agreement must be valid and it must encompass the defendant's claim. *See United States v. Copeland*, 707 F.3d 522, 528 (4th Cir. 2013) (holding the court must enforce a waiver in a plea agreement "if it is valid and the issue appealed is within the scope of the waiver"). Additionally, the sworn representations made by a criminal defendant at plea proceedings "carry a strong presumption of verity" and "constitute a formidable barrier against any subsequent collateral

8

proceedings." *Blackledge v. Allison*, 431 U.S. 63, 74 (1977). Challenges under 28 U.S.C. § 2255

that contradict a petitioner's sworn plea colloquy statements may generally be dismissed:

> "[A] defendant's solemn declarations in open court . . . 'carry a strong presumption
> of verity'" . . . because courts must be able to rely on the defendant's statements
> made under oath during a properly conducted Rule 11 plea colloquy . . . . "Indeed,
> because they do carry such a presumption, they present "a formidable barrier in any
> subsequent collateral proceedings."' Thus, in the absence of extraordinary
> circumstances . . . allegations in a § 2255 motion that directly contradict the
> petitioner's sworn statements made during a properly conducted Rule 11 colloquy are
> always "palpably incredible" and "patently frivolous or false." Thus, in the absence
> of extraordinary circumstances, the truth of sworn statements made during a Rule 11
> colloquy is conclusively established, and a district court should, without holding an
> evidentiary hearing, dismiss any § 2255 motion that necessarily relies on allegations
> that contradict the sworn statements. Otherwise, a primary virtue of Rule 11
> colloquies would be eliminated– "permitting quick disposition of baseless collateral
> attacks."

*Lemaster*, 403 F.3d at 221-22 (internal citations and quotations omitted); *see also Little v. Allsbrook*,

731 F.2d 238, 239 n.2 (4th Cir. 1984) ("Although [the petitioner] would now seek to disregard any

significance attaching to those statements he made [regarding his attorney's representation] while

under oath, we do not view his vows as empty gestures. In the absence of clear and convincing

evidence to the contrary, [the petitioner] must be bound by what he said at the time of his plea.").

### III. DISCUSSION

**A.     Motion to Dismiss § 2255 Petition**

  *i.     Improper Commencement of Criminal Prosecution[7] (Grounds 1-4)*

  Petitioner contends that the federal criminal prosecution instituted against him was

commenced improperly because it was instituted by way of indictment and not by criminal complaint

under Rule 3 of the Federal Rules of Criminal Procedure, thereby violating many of his

---

[7] The court construes Petitioner's arguments in ground one, two, three and four to be asserting the same basis for relief and, therefore, considers them together.

constitutional rights and depriving the court of jurisdiction over the criminal prosecution. Pet'r's Mem. [DE-47] at 7-30. Specifically, Petitioner contends that the absence of a complaint deprived him of fair notice and the ability to adequately prepare a defense. *Id.* at 9-10. The government contends in its motion to dismiss that Petitioner's claims were addressed by the Fourth Circuit on direct appeal, thereby barring Petitioner from re-litigating such claims in this collateral proceeding. Gov't's Mot. [DE-53] at 2-3.

Having reviewed Petitioner's *pro se* brief filed on direct appeal and the Fourth Circuit's opinion, the court finds that the first four claims asserted by Petitioner were previously raised on direct appeal and decided by the Fourth Circuit. The Fourth Circuit found these claims barred by Petitioner's guilty plea which waived all antecedent nonjurisdictional defects. *Gray*, 461 F. App'x at 261 (citing *Tollett*, 411 U.S. at 266). An issue previously decided on direct appeal may not be raised on collateral review. *See Boeckenhaupt v. United States*, 537 F.2d 1182, 1183 (4th Cir. 1976); *see also United States v. Rush*, 99 F. App'x 489, 490 (4th Cir. 2004). Accordingly, Petitioner's claims in grounds one through four lack merit.

    ii.    *Violation of the First and Sixth Amendments (Ground 5)*

The court construes the bulk of Petitioner's fifth claim for relief as repetitive of claims raised previously in grounds one through four. Petitioner reiterates how his criminal indictment allegedly deprived him of many valuable preliminary proceedings, resulting in the denial of access to the court and a public trial. *See* Pet'r's Mem. at 31-34. For the reasons stated previously, Petitioner's claim at ground five related to the preliminary criminal proceedings in his case lacks merit. *See supra* III.A.i.

Taking a closer look at Petitioner's memorandum, Petitioner also appears to insert two claims

10

of ineffective assistance of counsel, one as to attorney James Martin's ("Martin") advice to proceed before a magistrate judge for his arraignment and the other as to appellate counsel's filing of an *Anders* brief. Pet'r's Mem. at 31, 35. As explained previously, the petitioner shoulders the burden of persuasion under the two-pronged test outlined in *Strickland*. *Turcotte*, 405 F.3d at 537. Here, Petitioner makes only conclusory allegations and fails to set out any concrete prejudice that he suffered as a result of the alleged deficiencies. *See Jones v. United States*, Nos. DKC-09-2922, DKC-08-529, 2013 WL 1105001, at *2 (D. Md. Mar. 15, 2013) ("Courts facing [] sparse allegations in habeas corpus petitions have concluded that a claim for ineffective assistance of counsel may fail on that basis alone."); *Sutton v. United States*, Nos. 2:02-CR-65, 2:05-CV-92, 2006 WL 36859, at *4 (E.D.Va. Jan. 4, 2006) ("Petitioner's claim fails on its face because petitioner merely makes broad generalizations and conclusory statements about his counsel's performance and does not highlight any specifics about his attorney's allegedly unprofessional conduct.").[8] Petitioner's conclusory allegations regarding trial and appellate counsel's deficient conduct are not sufficient and Petitioner fails to meet his burden under both prongs in *Strickland*. Accordingly, the instant claims are without merit.

   iii.   *Ineffective Assistance of Counsel (Grounds 6-10)*

   Petitioner raises numerous grounds of ineffective assistance of counsel.[9] Specifically,

---

[8] Moreover, the record reflects that Petitioner consented in writing to proceed before the magistrate judge for his arraignment. [DE-18]; Arraignment Tr. 9:10-17. Petitioner has failed to demonstrate his waiver was unknowing or involuntary or otherwise infirm. *See United States v. Benton*, 523 F.3d 424, 432 (4th Cir. 2008) (finding no constitutional claim where defendant consented to magistrate judge performing the Rule 11 plea proceeding).

[9] The court observes that Petitioner's claims clearly contest the performance of his trial attorney Martin; however, Petitioner's memorandum repeatedly refers to his appellate representation in the direct appeal process. To the extent Petitioner seeks to raise claims of ineffective assistance of counsel on the part of his appellate counsel in grounds six through ten, such claims fail on their face because Petitioner makes only broad generalizations and conclusory statements without setting out any concrete deficiency or prejudice. *Sutton*, 2006 WL 36859, at *4 (noting conclusory allegations do not meet the requirements of *Strickland*). Accordingly, such claims lack merit.

11

Petitioner faults trial attorney Martin for (1) failing to file a motion to dismiss the indictment (Ground 6), (2) failing to investigate Petitioner's case (Ground 7), (3) failing to contest Petitioner's state conviction (Ground 8), (4) failing to object to Guidelines calculations (Ground 9), and (5) erroneously advising Petitioner to plead guilty (Ground 10).

a.   Ground Six

In ground six, Petitioner contends that attorney Martin was ineffective because he failed to move for a dismissal of the indictment against Petitioner. Pet'r's Mem. at 36. As argued previously on direct appeal and in the instant motion, Petitioner contends that it was error for his criminal prosecution to commence by way of indictment and not criminal complaint, and hereby contends that his counsel should have moved for dismissal on this ground. *Id.* This deficiency was prejudicial, argues Petitioner, because had the motion to dismiss the indictment been filed it would have been granted by the court. *Id.* The government argues that Plaintiff has failed to show that counsel was deficient or that Plaintiff was prejudiced by counsel's allegedly deficient performance. Gov't's Mot. at 3-4. The court finds that Petitioner's argument regarding the failure to file a motion to dismiss is without merit.

Petitioner's claim of deficiency relates to counsel's conduct prior to entry of the plea agreement. Therefore, Petitioner's claim directly contradicts the sworn statements Petitioner made during his Rule 11 plea colloquy concerning his satisfaction with counsel and is barred by Petitioner's plea agreement. At Petitioner's arraignment hearing, Petitioner's knowledge and understanding of the case was carefully questioned and confirmed by the court. Specifically, Petitioner testified that he had discussed the case and his plea with his attorney; that his attorney answered all of his questions concerning the case; and that he understood the charges against him.

12

Arraignment Tr. 13:19-14:6; 17:3-19. After being read the indictment and informed of the maximum penalties for each charge by the court, Petitioner twice affirmed that he understood the charges and maximum statutory punishments for each charge. *Id.* 17:3-19. Petitioner also testified that he had read and reviewed the plea agreement with his attorney before signing it and that he understood the "terms, words, language, [and] phrases, used in the plea agreement." *Id.* 18:4-14. When asked by the court about the quality of counsel's representation, Petitioner testified that he was satisfied with counsel's representation and counsel had been a good attorney for him. *Id.* 13:23-25; 14:4-6. It was affirmed by Petitioner that this plea agreement represented the singular agreement in his case and that no one had made promises to induce his guilty plea, nor had he been threatened or forced to plead guilty. *Id.* 18:15-24. Finally, Petitioner testified that he was in fact guilty of the charged offense. *Id.* 20:20-21:1.

In the absence of "extraordinary circumstances," a district court should dismiss, without a hearing, "any § 2255 motion that necessarily relies on allegations that contradict the sworn statements" made during a Rule 11 plea colloquy. *Lemaster*, 403 F.3d at 221-22; *see Carmichael v. United States*, No. 5:08-CR-229-FL-2, 2014 WL 495437, at *2 (E.D.N.C. Feb. 6, 2014). Therefore, the deficiency Petitioner now alleges on the part of his counsel for failing to move for dismissal cannot overcome his sworn statements at the Rule 11 plea colloquy. *See Beale v. United States*, Nos. 4:10-CR-49-FL-3, 4:12-CV-176-FL, 2013 WL 1209620, at *5-6 (E.D.N.C. Jan. 8, 2013) (finding petitioner's claims of ineffective assistance warranted dismissal because the claim contradicted statements made at the Rule 11 hearing), *adopted by* 2013 WL 1209939 (E.D.N.C. Mar. 25, 2013); *United States v. Garcia*, No. 6:05-CR-6-1, 2009 WL 4891939, at *5 (W.D.Va. Dec. 16, 2009) (finding petitioner's claim barred because he is bound by his sworn statements affirming his

13

satisfaction with counsel). If Petitioner believed his counsel was ineffective in failing to move to dismiss the indictment, he had the opportunity to notify the court at the Rule 11 hearing of what conduct he believed to be ineffective. Petitioner necessarily would have known of this alleged deficiency at the time of his arraignment, yet Petitioner affirmatively testified that he was satisfied with counsel's representation and entered a plea of guilty. There are no extraordinary circumstances present here and the truth of Petitioner's statements is conclusively established. *See Beale*, 2013 WL 1209620, at \*5-6.

Further, this claim is waived by the plea agreement in Petitioner's case. Petitioner's plea agreement contains a collateral attack waiver which precludes Petitioner from contesting his conviction or sentence "in any post-conviction proceeding, including one pursuant to 28 U.S.C. § 2255, excepting an appeal or motion based upon grounds of ineffective assistance of counsel or prosecutorial misconduct *not known* to the Defendant at the time of the Defendant's guilty plea." [DE-19] at 1¶ 2c (emphasis added). A review of the record demonstrates that Petitioner's waiver of collateral attack rights was valid because Petitioner knowingly and voluntarily entered into his plea agreement and guilty plea. The Rule 11 plea colloquy conducted by the court, and described previously, sufficiently demonstrates that Petitioner's waiver was valid and this conclusion is bolstered by the Fourth Circuit's finding on direct appeal that Petitioner's waiver of appellate rights was valid and enforceable. *See Gray*, 461 F. App'x at 261. Moreover, Petitioner's claim as to counsel's failure to move for dismissal of the indictment falls within the scope of the collateral attack waiver because this alleged error occurred prior to the plea hearing and was therefore known to Petitioner at the time of his guilty plea and waived. *See Garcia*, 2009 WL 4891939, at \*4 (holding claim of failure to investigate barred by collateral attack waiver because occurred prior to the plea

14

hearing); *Rohrbaugh v. United States*, Nos. 2:09-CV-39, 2:06-CR-19, 2010 WL 6307020, at \*9 (N.D.W.Va. Nov. 15, 2010) (recognizing that ineffective assistance of counsel claims are barred by a valid waiver if the facts giving rise to the claims occurred prior to defendant's guilty plea).

Even if Petitioner's claim for counsel's failure to move for dismissal of the indictment was not otherwise subject to dismissal, to establish ineffective assistance of counsel, Petitioner must show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. While there are certain grounds for dismissal of an indictment, albeit a narrow class, and the Federal Rules of Criminal Procedure permit the filing of a motion to dismiss, Petitioner has not shown a specific legal or factual basis for concluding that prejudice resulted from the failure to file such a motion. Petitioner argues dismissal of the indictment was appropriate because federal criminal prosecutions must be initiated by complaint before an indictment can be returned. Petitioner reasons that he was deprived of many valuable preliminary proceedings related to the existence of probable cause because a complaint was not filed prior to indictment. However, Petitioner misunderstands the provisions of Federal Rules of Criminal Procedure.

Indeed, prior to indictment, there are many preliminary proceedings prescribed by the Rules which safeguard the requirement of probable cause for the arrest and continued detention of an individual. *See* Fed. R. Crim. P. 3 (requiring a criminal complaint which serves as the basis for an application for an arrest warrant); Fed. R. Crim. P. 4 (providing for the issuance of an arrest warrant if probable cause is established by the complaint or affidavits filed with the complaint); Fed. R. Crim. P. 5 (requiring that if an arrest is made without a warrant, a "complaint meeting Rule 4(a)'s requirement of probable cause must be promptly filed"); Fed. R. Crim. P. 5.1 (requiring a magistrate

15

judge to conduct a preliminary hearing for offenses other than petty offenses, unless the defendant is indicted, for the purpose of determining whether there is sufficient evidence to hold the defendant for trial). However, the return of an indictment by the grand jury independently satisfies the requirement of probable cause and obviates the need for the other preliminary procedures cited by Petitioner. *See United States v. Soriano-Jarquin*, 492 F.3d 495, 502 (4th Cir. 2007) (recognizing the long standing rule that the return of an indictment satisfies the requirement of probable cause); *Ward v. Clark*, No. 3:12-CV-07283, 2012 WL 7855777, at *4 (S.D.W.Va. Dec. 18, 2012) (noting "the Constitution mandates a finding of probable cause to support the criminal charges before an arrestee can be subjected to prolonged detention," but there are alternative means of establishing probable cause and an indictment by a grand jury is an acceptable means of satisfying the Fourth Amendment probable cause requirement). Moreover, the usual procedure is that an indictment returned by the grand jury will supersede the initial complaint as the charging document. *See* 18 U.S.C. § 3161(b) ("[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons"); *see also* 18 U.S.C. § 3162(a)(1) (stating the charge contained in a complaint against an individual shall be dismissed if no indictment is filed within the thirty-day deadline). Petitioner is mistaken as to the requirements of the Rules and there is nothing barring a prosecutor from pursuing indictment without an antecedent criminal complaint. Therefore, counsel was not ineffective for failing to file a motion to dismiss on the grounds asserted by Petitioner. For all the foregoing reasons, Petitioner's claim lacks merit.

    b.  Ground Seven

  Petitioner asserts that his counsel failed to investigate the following: (1) the facts surrounding

16

the search warrant, (2) the ownership of the firearm recovered at Petitioner's home, (3) the facts surrounding the four-level sentencing enhancement, and (4) facts surrounding the traffic stop of Petitioner on July 15, 2009. Pet'r's Mem. at 37-46. Petitioner argues that had counsel investigated these matters counsel could have negotiated a better plea and avoided the sentencing enhancements applied to Petitioner. *Id.*

The court first addresses Petitioner's claims related to the alleged failure of counsel to investigate the search warrant and traffic stop. These claims of deficiency of counsel for errors arising prior to entry of the plea agreement and his guilty plea directly contradict the sworn statements Petitioner made during the Rule 11 plea colloquy concerning his satisfaction with counsel and are barred by Petitioner's plea agreement. Therefore, for the reasons discussed previously in regards to Petitioner's claim at ground six, these two ineffective assistance claims are without merit and should be dismissed. *See supra* III.A.iii.a.

Petitioner's remaining claims for failure to investigate two sentencing enhancements concern counsel's action after Petitioner entered the plea agreement, and thus, will be considered on the merits despite the collateral attack waiver. *Garcia*, 2009 WL 4891939, at *5 (addressing the merits of petitioner's ineffective assistance of counsel claims challenging counsel's actions after entry of the guilty plea). Specifically, Petitioner challenges counsel's alleged failure to investigate the ownership of the firearm recovered at Petitioner's home and the facts surrounding the four-level sentencing enhancement applied to Petitioner. Pet'r's Mem. at 39-40. Although Petitioner frames his claims as a failure to investigate, the court construes Petitioner as arguing that counsel should have objected to the sentencing enhancements applied to Petitioner. *Id.* at 40 ("Counsel could have, but did not, . . . object to the prosecution enhancing defendant's sentence.").

17

A review of the record indicates that Petitioner's claim that counsel was deficient in failing to object to the U.S.S.G. § 2K2.1(b)(6) enhancement for possession of a firearm in connection with another offense is unfounded. Here, counsel provided a written objection to the enhancement in the PSR, stating the firearm was solely for family protection, and continued to object at sentencing to the application of this enhancement, yet the court found the enhancement proper under the circumstances. *See* PSR Addendum [DE-21]. Petitioner cannot demonstrate that counsel was deficient in this manner when he continuously objected to this enhancement.[10] *See Baires v. United States*, 707 F. Supp. 2d 656, 668 (E.D.Va. 2010) (denying petitioner's ineffective assistance claim where counsel twice objected and was overruled, finding "[d]efense counsel could not have done any more to raise or argue the matter"). Additionally, any argument that counsel was ineffective because he incorrectly predicted Petitioner's sentence must fail. A "'miscalculation or erroneous sentence estimation by defense counsel is not a constitutionally deficient performance rising to the level of ineffective assistance of counsel.'" *Hughes v. United States*, Nos. 1:05-CV-57, 1:02-CR-45-8, 2007 WL 841940 (W.D.N.C. Mar. 19, 2007) (quoting *United States v. Gordon*, 4 F.3d 1567, 1570 (10th Cir. 1993)); *see also Jones v. United States*, Nos. 5:07-CR-322-FL, 5:12-CV-558-FL, 2013 WL 2446473, at *7 (E.D.N.C. June 5, 2013) (adopting recommendation that counsel's miscalculation of petitioner's sentence does not constitute ineffective counsel). Accordingly, Petitioner's claim as to this issue lacks merit.

Petitioner's second claim regarding counsel's alleged failure to object to the two-level enhancement for possession of a stolen firearm pursuant to § 2K2.1(b)(4) also lacks merit. Without

---

[10] Petitioner acknowledges in his memorandum that counsel objected to the four-level enhancement and was overruled by the court. Pet'r's Mem. at 51-52.

determining whether counsel was deficient in failing to object to this sentencing enhancement, Petitioner has failed to demonstrate the requisite *Strickland* prejudice. Petitioner loosely discusses documents mailed to his home which Petitioner indicates concern the ownership of the firearm located at his residence. Pet'r's Mem. at 39. However, Petitioner does not assert that these documents establish Petitioner as the rightful owner of the firearm or otherwise discredit application of the stolen firearm enhancement. In fact, it is not clear from Petitioner's memorandum what the described documents show. As such, Petitioner fails to demonstrate he was prejudiced by counsel's alleged deficiency and this claim lacks merit.

c.      Ground Eight

Petitioner's motion also contends that his trial counsel was ineffective for failing to challenge his base offense level computation on the basis that one of Petitioner's prior state convictions could not be used to increase his sentence, relying on *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011) (en banc). Pet'r's Mem. at 46-50. The government contends that Petitioner fails to show that counsel was deficient or that prejudice resulted. Gov't's Mot. at 3-4.

Here, Petitioner's sentence was imposed on April 29, 2011. As of that date, the last date on which Petitioner could have challenged his base offense level computation, the Fourth Circuit's decision in *United States v. Harp*, 406 F.3d 242 (4th Cir. 2005), controlled. In *Harp*, the Fourth Circuit held that a prior conviction qualified as a crime of violence or a controlled substance offense as long as any defendant could have received a sentence of more than one year in prison. *Id.* at 241. *Harp* was not overruled until the Fourth Circuit's en banc decision in *Simmons*, decided on August 17, 2011, after Petitioner was sentenced. In *Simmons*, the Fourth Circuit held that in order for a prior felony conviction to serve as a predicate offense for either a crime of violence or a controlled

19

substance offense, the individual defendant must have been convicted of an offense for which that defendant could be sentenced to a term exceeding one year, expressly overruling *Harp*. *Simmons*, 649 F.3d at 243. Since *Harp* was controlling law at the time of Petitioner's sentencing, Petitioner's ineffective assistance of counsel claim fails. Additionally, Petitioner has no claim that counsel was ineffective for failing to predict that *Harp* would be overruled by *Simmons*. *See Kornahrens v. Evatt*, 66 F.3d 1350, 1360 (4th Cir. 1995) ("[T]he case law is clear that an attorney's assistance is not rendered ineffective because he failed to anticipate a new rule of law.") (internal citations omitted); *see also United States v. Jackson*, 526 F. App'x 338, 340 (4th Cir. 2013) (discussing similar claim under *United States v. Shepard*, 544 U.S. 13 (2005), decided well after counsel's action); *Cureton v. United States*, Nos. 3:07-CR-61, 3:11-CV-486, 2012 WL 4846754, at \*3 (W.D.N.C. Oct. 11, 2012) (denying ineffective assistance claim when *Harp* was controlling law in Fourth Circuit at time of sentencing). Therefore, since *Harp* was controlling law at the time of Petitioner's sentencing, Petitioner's claim lacks merit.

### d. Ground Nine

Petitioner's claims in Ground 9 are duplicative of claims the court has previously addressed. Petitioner asserts that counsel should have objected to his base offense level calculation and the four-level enhancement applied in the PSR. Pet'r's Mem. at 50-54. Although Petitioner asserts that counsel was ineffective for failing to assert objections to the PSR under Rule 32 of the Federal Rules of Criminal Procedure, the content of these claims are nonetheless repetitious of claims raised in grounds seven and eight concerning the same Guidelines enhancements. For the reasons stated previously, *see supra* III.A.iii.c, the court finds Petitioner's claim regarding his increased base offense level is without merit. The court also finds Petitioner's claim regarding the four-level

enhancement fails for the reasons stated previously. *See supra* III.A.iii.b. Accordingly, Petitioner's claims lack merit.

      e.    Ground Ten

Petitioner alleges that he received ineffective assistance of counsel during the plea bargaining stage because his counsel provided erroneous legal advice and refused to investigate and prepare the defense urged by Petitioner. Pet'r's Mem. at 54-57. More specifically, Petitioner contends counsel coerced him into pleading guilty and erroneously advised Petitioner that he would receive a sentence not less than fifteen years if he did not plead guilty. *Id.* at 56.

Without considering whether Petitioner's claim is barred his guilty plea and waiver, the court can readily dismiss the instant claim on the merits. When assessing claims of ineffective assistance of counsel which implicate the voluntariness of a guilty plea, the prejudice prong of the *Strickland* test is modified slightly. *See Moultrie v. United States*, 147 F. Supp. 2d 405, 410 (D.S.C. 2001) (citing *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988)). In such cases, a petitioner "'must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial.'" *Hooper*, 845 F.2d at 475 (quoting *Hill*, 474 U.S. at 59). Here, Petitioner does not allege that, had counsel correctly investigated the defenses Petitioner asserts or correctly informed him about his sentencing exposure, he would have pled not guilty and insisted on going to trial.[11] *See Braxton v. United States*, 358 F. Supp. 2d 497, 505 (W.D.Va. 2005) (finding petitioner failed to satisfy the prejudice prong because he failed to allege he would have pled not guilty had counsel correctly advised him). Therefore, Petitioner has failed

---

[11] Petitioner states that the "government's attorney mentally coerced [him] to enter into a plea agreement he otherwise would not have done, and insisted on going to trial." Pet'r's Mem. at 56. This statement does not relate to or support Petitioner's claim for ineffective assistance of counsel.

to satisfy the prejudice prong in *Strickland.* Petitioner's claim lacks merit and should be dismissed.

## B.    Motion to Supplement

Petitioner's motion to supplement requests that the court "include and/or incorporate the [United States] Supreme Court's recent ruling on [February 19, 2013], in *Bailey v. United States*, Case No. 11-770." Pet'r's Mot. to Supplement [DE-58] at 1. The undersigned understands Petitioner to be referring to the case of *Bailey v. United States*, – U.S. –, 133 S. Ct. 1031 (2013), which held that the detention of an individual incident to the execution of a search warrant is limited to the immediate vicinity of the premises to be searched and is not permitted beyond the immediate vicinity of the premises. The court construes Petitioner's motion as seeking to add a claim that he was unconstitutionally detained by officers on July 15, 2009. The government did not respond to Petitioner's motion.

A party may amend its pleading one time as a matter of course within twenty-one (21) days after service of a responsive pleading or twenty-one (21) days after service of a motion under Rule 12(b), whichever is earlier. Fed. R. Civ. P. 15(a). Otherwise, however, a party may amend its pleading only by leave of the court or by written consent of the opposing party, although leave to amend "shall be freely given when justice so requires." *Id.* This liberal rule gives effect to the federal policy in favor of resolving cases on their merits, rather than disposing of them on technicalities. *See Ostrzenski v. Seigel*, 177 F.3d 245, 252-53 (4th Cir. 1999). Leave to amend should be denied "only when the amendment would be prejudicial to the opposing party, there has been bad faith on the part of the moving party, or the amendment would be futile." *Laber v. Harvey*, 438 F.3d 404, 426 (4th Cir. 2006) (en banc) (internal quotation marks omitted). "Leave to amend . . . should only be denied on the ground of futility when the proposed amendment is clearly

22

insufficient or frivolous on its face." *Johnson v. Oroweat Foods Co.*, 785 F.2d 503, 510 (4th Cir. 1986).

The claim Petitioner seeks to add is futile. Petitioner pled guilty on July 29, 2010, thereby waiving any claim based on non-jurisdictional errors occurring prior to his plea. *Tollett*, 411 U.S. at 267. In *Tollett*, the Supreme Court concluded that an intelligent and voluntary plea of guilty generally bars habeas review of claims relating to the deprivation of constitutional rights that occurred before the defendant pleaded guilty. The undersigned previously discussed the Rule 11 colloquy that the court conducted with Petitioner. Having reviewed the plea colloquy again and the testimony given by Petitioner therein, the court finds that Petitioner's guilty plea was intelligent and voluntary. Petitioner's alleged deprivation of constitutional rights based on his seizure by law enforcement on July 15, 2009, occurred prior to Petitioner's guilty plea and is waived. Further, to the extent Petitioner cites *Bailey* as new controlling law which should be applied retroactively making his detention unconstitutional, courts have held that *Bailey* is not retroactive on collateral review, thus making it inapplicable to this case. *See Bryant v. Reynolds*, No. 2:12-CV-01731-GRA, 2013 WL 4511292, at \*4 (D.S.C. Aug. 23, 2013) (finding *Bailey* was not made retroactive to cases on collateral review); *see also United States v. Mathur*, 685 F.3d 396, 399 (4th Cir. 2012) (stating new rules of constitutional law are generally not applicable to cases which have become final before the new rules are announced). Accordingly, Petitioner's claim is futile and the motion to supplement is denied.

## IV. CONCLUSION

Based on the foregoing, Petitioner's motion to supplement [DE-58] is DENIED, and it is RECOMMENDED that Petitioner's motion [DE-47] under 28 U.S.C. § 2255 to vacate, set aside,

23

or correct his sentence be DENIED and that the government's motion to dismiss [DE-53] Petitioner's § 2255 petition be GRANTED.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days from the date of receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

SO ORDERED AND SUBMITTED, this the 20 day of May 2014.

Robert B. Jones, Jr.
United States Magistrate Judge